# United States District Court

FOR THE
NORTHERN DISTRICT OF CALIFORNIA

VENUE: SAN FRANCISCO

CR  11  0624

UNITED STATES OF AMERICA,

V.

JACOB MOYNIHAN,
GERALD MOYNIHAN,
RAYMOND FOAKES,
DESIREE MACLEAN,
JOHN GRECO,
JOSH LEO JOHNSON,
JERRY MAYS, and
JUSTIN BATEMON

DEFENDANT(S).

## INDICTMENT

SEE ATTACHMENT

---

A true bill.

_____
Foreman

Filed in open court this ___1st___ day of
___September___, as to all defendants

NO BAIL WARRANT
Ada Means
Clerk

Bail, $ _____

Jacqueline Scott Corley
United States Magistrate Judge

VIOLATIONS: 18 U.S.C. § 1349 — Conspiracy to Commit Bank Fraud and Wire Fraud; 18 U.S.C. § 1344 — Bank Fraud; 18 U.S.C. § 1343 — Wire Fraud

18 U.S.C. § 1956(h) — Conspiracy to Launder Monetary Instruments; 18 U.S.C. § 1956(a)(1)(B)(i) — Laundering of Monetary Instruments; 18 U.S.C. § 1957 — Laundering of Monetary Instruments Over $10,000

21 U.S.C. § 856 — Conspiracy To Maintain Drug-Involved Premises; 21 U.S.C. § 856 — Maintain Drug-Involved Premises

21 U.S.C. § 846 — Conspiracy To Distribute a Controlled Substance; 21 U.S.C. § 841 — Possession with Intent to Distribute Controlled Substance

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT   **SEALED BY COURT ORDER**
☐ SUPERSEDING

**― OFFENSE CHARGED ―**

18 U.S.C. 1349 Conspiracy to Commit Bank and Wire Fraud
18 U.S.C. 1344 Bank Fraud
18 U.S.C. 1343 Wire Fraud
18 U.S.C. 1957 Money Laundering
21 U.S.C. 846 Conspiracy to Maintain Drug-Involved Premise
21 U.S.C. 841(a)(1) Possess w/Intent to Distribute Marijuana

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Maximums: Section 1349 & 1344: 30 yrs prison; $1,000,000 fine or 2x loss, whichever greater; 5 yrs SVR. Section 1343: 20 yrs prison; $250,000 fine or 2x loss, whichever greater; 3 yrs SVR. Section 1957: 10 yrs prison, $250,000 fine or 2x loss, whichever greater; 3 yrs SVR. Restitution + $100 special assessment per count. con't

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**DEFENDANT - U.S**

▶ JACOB MOYNIHAN et al (see attached for all defendants)

DISTRICT COURT NUMBER

CR 11 0624 WHA

**― PROCEEDING ―**

Name of Complaintant Agency, or Person (& Title, if any)

IRS S/A Wayne Brown and FBI S/A Jonathan Kelly

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   MELINDA HAAG
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   Asst U.S. Atty Kathryn Haun

**― DEFENDANT ―**

IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction   } ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No   } If "Yes" give date filed _____

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

**― ADDITIONAL INFORMATION OR COMMENTS ―**

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: 0

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:   Before Judge:

Comments:

## PENALTY SHEET CONTINUED

Defendants continued:   JACOB MOYNIHAN (listed on first page)
                        GERALD MOYNIHAN
                        RAYMOND FOAKES
                        DESIREE MACLEAN
                        JOHN GRECO
                        JOSH LEO JOHNSON
                        JERRY MAYS
                        JUSTIN BATEMON

Maximum penalties continued:   Section 846: 20 yrs prison; $500,000; 3 yrs SVR
                               Restitution and $100 special assessment per count

                               Section 841: 40 yrs prison, **mandatory minimum 5 yrs prison**, $5,000,000 fine, life SVR
                               Restitution and $100 special assessment per count

1 | MELINDA HAAG (CABN 132612)
United States Attorney



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 11 0624 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | VIOLATIONS: 18 U.S.C. § 1349 — Conspiracy to Commit Bank Fraud and Wire Fraud; 18 U.S.C. § 1344 — Bank Fraud; 18 U.S.C. § 1343 — Wire Fraud; 18 U.S.C. § 1957 — Laundering of Monetary Instruments Over $10,000; 21 U.S.C. § 846 — Conspiracy to Maintain Drug-Involved Premises; 21 U.S.C. § 841 — Possession with Intent to Distribute Controlled Substance; Criminal Forfeiture — 18 U.S.C. § 982(a)(2)(A); 21 U.S.C. § 853; 18 U.S.C. § 982(a)(1) |
| JACOB MOYNIHAN, GERALD MOYNIHAN, RAYMOND FOAKES, DESIREE MACLEAN, JOHN GRECO, JOSH LEO JOHNSON, JERRY MAYS, and JUSTIN BATEMON | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | SAN FRANCISCO VENUE<br><br>**FILED UNDER SEAL** |

## INDICTMENT

The Grand Jury charges:

### INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. JACOB MOYNIHAN ("J. MOYNIHAN") owned a company named Xanadu Global Investment, LLC ("Xanadu") that was registered as doing business in San Francisco, California. From 2005 through and including 2007, J. MOYNIHAN was associated with and

INDICTMENT



worked at several mortgage broker businesses, including Universal Mortgage and Sales, Inc. ("Universal"), Onyx Capital Property and Investment, Inc. ("Onyx"), and Accelerated Funding and Realty, Inc. ("Accelerated"). Universal, Onyx, and Accelerated all had offices in San Francisco, California.

2. JERRY MAYS was a licensed Certified Public Accountant and tax preparer in the State of California and had a business address in San Francisco, California.

3. JOHN L/N/U was a computer graphics specialist who worked for J. MOYNIHAN at Onyx.

4. J. MOYNIHAN is the son of GERALD MOYNIHAN ("G. MOYNIHAN").

5. RAYMOND FOAKES and JOSH LEO JOHNSON were members of and held leadership positions in the Hells Angels Motorcycle Club ("HAMC"). Other persons known and unknown to the Grand Jury involved in the scheme to defraud described below were also members of or associated with members of the HAMC.

6. G. MOYNIHAN, RAYMOND FOAKES, DESIREE MACLEAN, JOHN GRECO, JOSH LEO JOHNSON, and JUSTIN BATEMON were clients of J. MOYNIHAN who worked with J. MOYNIHAN to obtain residential mortgage loans (hereafter "client-borrowers").

7. The client-borrowers purchased or refinanced the following pieces of real property: a property located on the "1600" block of Deer Run, Santa Rosa, California; a property located on the "4000" block of Langner Avenue, Santa Rosa, California; a property located on the "2000" block of Laguna Road, Santa Rosa, California; a property located on the "1900" block of Mark West Springs Road, Santa Rosa, California; a property located on the "1700" block Sarkesian Drive, Petaluma, California; a property located on the "1400" block of Oak Leaf Avenue, Healdsburg, California; and a property located on the "800" block of Muscat Circle, Petaluma, California (hereafter "Subject Properties").

8. Fremont Investment and Loan, Washington Mutual Bank, and Downey Savings and Loan were financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC").

INDICTMENT                                           2

## THE SCHEME TO DEFRAUD MORTGAGE LENDERS

9.  Beginning on a date unknown to the Grand Jury, but no later than February 2006, and continuing until at least December 2007, both dates being approximate and inclusive, in the Northern District of California, the defendants,

> JACOB MOYNIHAN,
> GERALD MOYNIHAN,
> RAYMOND FOAKES,
> DESIREE MACLEAN,
> JOHN GRECO,
> JOSH LEO JOHNSON,
> JERRY MAYS, and
> JUSTIN BATEMON,

and others known and unknown to the Grand Jury, did knowingly devise and intend to devise, and did knowingly participate in, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts. In sum and substance, the above-listed defendants participated in a scheme to obtain and refinance mortgage loans, through the provision of materially false and fraudulent loan applications and supporting documentation to mortgage lenders to induce those lenders to fund loans at terms that the lenders otherwise would not have funded.

10.  As part of the scheme to defraud, J. MOYNIHAN and others persuaded client-borrowers to serve as straw buyers to obtain mortgage loans and refinancing on certain of the Subject Properties, in exchange for money.

11.  J. MOYNIHAN asked the client-borrowers to sign loan application documents which included false representations that the client-borrowers would live in the Subject Properties and make the mortgage loan and tax payments, when in fact the client-borrowers never intended to and never did occupy the Subject Properties as their primary residences, and did not make the mortgage and tax payments on the properties. In several cases, the Subject Properties were instead intended to be used and were in fact used as locations for marijuana grow operations.

12.  J. MOYNIHAN and other participants in the scheme directed JERRY MAYS ("MAYS") to prepare false letters concerning employment histories and tax returns to support the

INDICTMENT                                3

client-borrowers' loan applications. J. MOYNIHAN paid MAYS by check or bank transfer for each such set of documents MAYS provided.

13. J. MOYNIHAN and other participants in the scheme inflated client-borrowers' bank statements in order to make their loan applications more attractive to the lenders. In some cases, bank statements were physically altered to reflect recurring deposits to the client-borrower's account that, in fact, never occurred. In other cases, bank statements were altered to reflect inflated balances above what was actually on deposit for the particular client-borrower's account.

14. The client-borrowers signed and submitted false loan applications with altered or fabricated supporting documents, knowing that the financial institutions and mortgage lenders would rely on those documents to make their lending decisions.

15. After receiving the false loan application packages provided and prepared by J. MOYNIHAN, MAYS, the client-borrowers and others, financial institutions and mortgage lenders funded mortgage loans for the purchase and refinancing of the Subject Properties.

16. In some instances, J. MOYNIHAN used escrow funds to pay client-borrowers who acted as straw buyers after the loans were funded.

COUNT ONE: (18 U.S.C. § 1349 — Conspiracy to Commit Bank and Wire Fraud)

17. The allegations of Paragraphs 1 through 16 of this Indictment are re-alleged and incorporated herein as if set forth in full.

18. Beginning on a date unknown to the Grand Jury, but no later than in or about February 2006, and continuing until at least January 2008, both dates being approximate and inclusive, within the Northern District of California, the defendants,

> JACOB MOYNIHAN,
> GERALD MOYNIHAN,
> RAYMOND FOAKES,
> DESIREE MACLEAN,
> JOHN GRECO,
> JUSTIN BATEMON,
> JOSH LEO JOHNSON, and
> JERRY MAYS,

and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to

INDICTMENT                                              4

devise and participate in a scheme and artifice to defraud, and to obtain money and property from mortgage lenders by means of materially false and fraudulent pretenses, representations, and promises and omission of material facts, and, for the purpose of executing such scheme and artifice, did knowingly and intentionally cause to be transmitted by means of a wire communication, in interstate commerce, certain writings, signs, and signals, specifically, wire transfers of funds related to mortgage loans, in violation of Title 18, United Sates Code, Section 1343, and to knowingly and intentionally execute and attempt to execute a scheme to obtain money, funds, credits, assets, securities, and other property owned by, and under the custody and control of, a financial institution by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Section 1349.

COUNTS TWO THROUGH FIVE: (18 U.S.C. § 1344 — Bank Fraud)

19.   The allegations of Paragraphs 1 through 16 of this Indictment are re-alleged and incorporated herein as if set forth in full.

20.   On or about the dates set forth below, in the Northern District of California, the defendants specified below did knowingly and intentionally execute and attempt to execute a scheme to obtain money, funds, credits, assets, securities, and other property owned by, and under the custody and control of, the financial institution described below by means of materially false and fraudulent pretenses, representations, and promises in loan applications and documents submitted in relation to funding of the loans as described further below:

|   |   |   |   |   |   |
|---|---|---|---|---|---|
| 2 | J. MOYNIHAN G. MOYNIHAN JERRY MAYS | 02/17/2006 | "1600" block Deer Run, Santa Rosa, CA | Fremont Investment & Loan | $755,000.00 |
| 3 | J. MOYNIHAN | 07/15/2006 | "4000" block Langner Avenue, Santa Rosa, CA | Washington Mutual | $580,000.00 |

INDICTMENT                                                            5

| 4 | J. MOYNIHAN G. MOYNIHAN | 12/13/2006 | "4000" block Langner Avenue, Santa Rosa, CA | Fremont Investment & Loan | $800,000.00 |
| --- | --- | --- | --- | --- | --- |
| 5 | J. MOYNIHAN JOHN GRECO | 12/11/2007 | "1900" block Mark West Springs Road, Santa Rosa, CA | Downey Savings & Loan | $1,729,000.00 |

All in violation of Title 18, United States Code, Section 1344.

COUNTS SIX THROUGH THIRTEEN: (18 U.S.C. § 1343 — Wire Fraud)

21. The allegations of Paragraphs 1 through 16 of this Indictment are re-alleged and incorporated herein as if set forth in full.

22. On or about the dates set forth below, in the Northern District of California, the defendants specified below did knowingly and intentionally devise and participate in a scheme and artifice to defraud, and to obtain money and property from mortgage lenders by means of materially false and fraudulent pretenses, representations, and promises and omission of material facts, and, for the purpose of executing such scheme and artifice, did knowingly and intentionally cause to be transmitted by means of a wire communication, in interstate commerce, certain writings, signs, and signals, specifically, wire transfers of funds related to mortgage loans and refinancing as more specifically described below:

| | | | | |
| --- | --- | --- | --- | --- |
| 6 | J. MOYNIHAN JUSTIN BATEMON JERRY MAYS | 11/30/2006 | "800" block of Muscat Court, Petaluma, California | Wire transfers of approximately $566,491.34 and $141,580.62 |
| 7 | J. MOYNIHAN DESIREE MACLEAN JERRY MAYS | 12/19/2006 | "1700" block of Sarkesian Drive, Petaluma, California | Wire transfers of approximately $496,269.48 and $124,353.66 |

INDICTMENT                                              6

| 8 | J. MOYNIHAN | 03/22/2007 | "2000" block of Laguna Avenue, Santa Rosa, California | Wire transfers of approximately $436,909.10 and $107,810.28 |
|---|---|---|---|---|
| 9 | J. MOYNIHAN<br>JERRY MAYS | 06/25/2007 | "2000" block of Laguna Avenue, Santa Rosa, California | Wire transfer of approximately $248,951.00 |
| 10 | J. MOYNIHAN<br>RAYMOND FOAKES<br>JERRY MAYS | 07/30/2007 | "2000" block of Laguna Avenue, Santa Rosa, California | Wire transfers of approximately $681,514.60 and $85,750.00 |
| 11 | J. MOYNIHAN<br>JOHN GRECO<br>JERRY MAYS | 03/19/2007 | "1900" block of Mark West Springs Road, Santa Rosa, California | Wire transfers of approximately $1,203,822.18 and $224,200.00 |
| 12 | J. MOYNIHAN<br>JOHN GRECO<br>JERRY MAYS | 04/30/2007 | "1900" block of Mark West Springs Road, Santa Rosa, California | Wire transfer of approximately $400,000.00 |
| 13 | J. MOYNIHAN<br>JOSH LEO JOHNSON<br>JERRY MAYS | 05/31/2007 | "1400" block of Oak Leaf Avenue, Healdsburg, California | Wire transfers of approximately $356,789.35 and $89,201.47 |

All in violation of Title 18, United States Code, Section 1343.

COUNTS FOURTEEN THROUGH SIXTEEN: (18 U.S.C. § 1957 — Laundering of Monetary Instruments Over $10,000)

23. The factual allegations of Paragraphs 1 through 16 and Counts One and Four of this Indictment are re-alleged and incorporated herein as if set forth in full.

24. On or about December 19, 2006, in the Northern District of California, the defendants,

JACOB MOYNIHAN and
GERALD MOYNIHAN,

INDICTMENT                              7

did knowingly and intentionally engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 as described below and derived from specified unlawful activity, namely the proceeds related to the sale and purchase of real property located on the "4000" block of Langer Avenue, which were obtained by bank fraud and conspiracy to commit bank fraud in violation of Title 18, United States Code, Sections 1344 and 1349.

| | | | |
|---|---|---|---|
| 14 | $50,000.00 Bank transfer | Wells Fargo Account No. XXXXXXX-007 in name of Xanadu Global Investment LLC | Wells Fargo Account No. XXXXXXX-574 in name of J. MOYNIHAN |
| 15 | $50,000.00 Bank transfer | Wells Fargo Account No. XXXXXXX-007 in name of Xanadu Global Investment LLC | Wells Fargo Account No. XXXXXXX-076 in name of G. MOYNIHAN |
| 16 | $38,000.00 Bank transfer | Wells Fargo Account No. XXXXXXX-007 in name of Xanadu Global Investment LLC | Wells Fargo Account No. XXXXXXX-076 in name of G. MOYNIHAN |

All in violation of Title 18, United States Code, Section 1957.

COUNT SEVENTEEN: (18 U.S.C. § 1957 — Laundering of Monetary Instruments Over $10,000)

25. The factual allegations of Paragraphs 1 through 16 and Counts One and Seven of this Indictment are re-alleged and incorporated herein as if set forth in full.

26. On or about December 20, 2006, in the Northern District of California, the defendants,

JACOB MOYNIHAN,
RAYMOND FOAKES, and
DESIREE MACLEAN,

did knowingly and intentionally engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 as described below and derived from

INDICTMENT                                8

specified unlawful activity, namely the proceeds related to the sale and purchase of real property located on the "1700" block of Sarkesian Avenue, which were obtained by wire fraud and conspiracy to commit wire fraud in violation of Title 18, United States Code, Sections 1343 and 1349.

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |
| 17 | $38,300.00 wire | Wells Fargo Account No. XXXXXXX-007 in name of Xanadu Global Investment LLC | Cal State Credit Union Account No. XXXXXXX-408 in name of RAYMOND FOAKES and DESIREE MACLEAN |

All in violation of Title 18, United States Code, Section 1957.

COUNTS EIGHTEEN AND NINETEEN: (18 U.S.C. § 1957 — Laundering of Monetary Instruments Over $10,000)

27. The factual allegations of Paragraphs 1 through 16 and Counts One and Ten of this Indictment are re-alleged and incorporated herein as if set forth in full.

28. In or about August 2007, in the Northern District of California, the defendants,

JACOB MOYNIHAN and
RAYMOND FOAKES,

did knowingly and intentionally engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 as described below and derived from specified unlawful activity, namely the proceeds related to the sale and purchase of real property located on the "2000" block of Laguna Road, Santa Rosa, California, which were obtained by wire fraud and conspiracy to commit wire fraud in violation of Title 18, United States Code, Sections 1343 and 1349.

//
//

INDICTMENT                                              9

| | | | |
|---|---|---|---|
| 18 | $20,000.00 check | US Bank Account No. XXXXXXX-392 in name of J. MOYNIHAN | Cal State Credit Union Account No. XXXXXXX-408 in name of RAYMOND FOAKES and DESIREE MACLEAN |
| 19 | $100,000.00 check | US Bank Account No. XXXXXXX-392 in name of J. MOYNIHAN | Wells Fargo Account No. XXXXXXX-637 in name of J. MOYNIHAN and RAYMOND FOAKES |

All in violation of Title 18, United States Code, Section 1957.

COUNTS TWENTY THROUGH TWENTY-THREE: (18 U.S.C. § 1957 — Laundering of Monetary Instruments Over $10,000)

29.  The factual allegations of Paragraphs 1 through 16 and Counts One and Twelve of this Indictment are re-alleged and incorporated herein as if set forth in full.

30.  On or about May 1, 2007, in the Northern District of California, the defendants,

JACOB MOYNIHAN and
JOHN GRECO,

did knowingly and intentionally engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 as described below and derived from specified unlawful activity, namely the proceeds related to the sale and purchase of real property located on the "1900" block of Mark West Springs Road, Santa Rosa, California, which were obtained by wire fraud and conspiracy to commit wire fraud in violation of Title 18, United States Code, Sections 1343 and 1349.

| | | | |
|---|---|---|---|
| 20 | $50,000.00 bank transfer | Wells Fargo Account No. XXXXXXX-905 in name of JOHN GRECO | Wells Fargo Account No. XXXXXXX-637 in name of J. MOYNIHAN |

INDICTMENT                                                10

| 21 | $50,000.00 bank transfer | Wells Fargo Account No. XXXXXXX-905 in name of JOHN GRECO | Wells Fargo Account No. XXXXXXX-637 in name of J. MOYNIHAN |
| --- | --- | --- | --- |
| 22 | $50,000.00 bank transfer | Wells Fargo Account No. XXXXXXX-905 in name of JOHN GRECO | Wells Fargo Account No. XXXXXXX-637 in name of J. MOYNIHAN |
| 23 | $11,364.28 bank transfer | Wells Fargo Account No. XXXXXXX-905 in name of JOHN GRECO | Wells Fargo Account No. XXXXXXX-~~367~~ 637 in name of J. MOYNIHAN |

All in violation of Title 18, United States Code, Section 1957.

COUNT TWENTY-FOUR:  (21 U.S.C. § 846 — Conspiracy to Maintain Drug-Involved Premises)

31.  Beginning no later than in or about February 2006, and continuing until at least January 2009, both dates being approximate and inclusive, within the Northern District of California, the defendants,

> JACOB MOYNIHAN,
> GERALD MOYNIHAN,
> RAYMOND FOAKES, and
> JOHN GRECO,

and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to manage and control places, to wit: the "1600" block of Deer Run, Santa Rosa, California, the "4000" block of Langner Avenue, Santa Rosa, California, the "2000" block of Laguna Road, Santa Rosa, California, and the "1900" block of Mark West Springs Road, Santa Rosa, California, as an owner, lessee, agent, employee, occupant, and mortgagee, and to knowingly and intentionally rent, lease, profit from, and make available for use, with and without compensation, these places for the purpose of unlawfully manufacturing, storing, distributing, and using a Schedule I controlled substance, to wit: marijuana, in violation of Title 21, United States Code, Section 856(a)(2),

All in violation of Title 21, United States Code, Section 846.

INDICTMENT                                   11

COUNT TWENTY-FIVE: (21 U.S.C. § 841 — Possession With Intent to Distribute Marijuana)

32. The factual allegations of Paragraphs 1 through 16 of this Indictment are re-alleged and incorporated herein as if set forth in full.

33. On or about July 8, 2010 in the Northern District of California, the defendant,

JACOB MOYNIHAN,

did knowingly and intentionally cultivate and possess with intent to distribute a Schedule I controlled substance, to wit: one hundred or more marijuana plants, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(vii).

FIRST FORFEITURE ALLEGATION:

34. The allegations contained in Counts ONE through THIRTEEN of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

35. Upon conviction of the offense in violation of Title 18, United States Code, Sections 1343 and 1344, the defendants,

JACOB MOYNIHAN,
GERALD MOYNIHAN,
RAYMOND FOAKES,
DESIREE MACLEAN,
JOHN GRECO,
JOSH LEO JOHNSON,
JERRY MAYS, and
JUSTIN BATEMON,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations.

36. If any of the property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without

INDICTMENT                        12

1 | difficulty,
2 | the United States of America shall be entitled to forfeiture of substitute property pursuant to Title
3 | 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section
4 | 982(b)(1).

SECOND FORFEITURE ALLEGATION:

37. The allegations contained in Counts FOURTEEN through TWENTY-THREE of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1).

38. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1957, the defendants,

> JACOB MOYNIHAN,
> GERALD MOYNIHAN,
> RAYMOND FOAKES,
> DESIREE MACLEAN, and
> JOHN GRECO,

shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

39. If any of the property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

//
//

INDICTMENT                              13

## THIRD FORFEITURE ALLEGATION:

40. The allegations contained in Counts TWENTY-FOUR and TWENTY-FIVE of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 21 U.S.C. § 853.

41. Pursuant to 21 U.S.C. § 853, upon conviction of offenses in violation of 21 U.S.C. §§ 841 and 846, the defendants,

> JACOB MOYNIHAN,
> GERALD MOYNIHAN,
> RAYMOND FOAKES, and
> JOHN GRECO,

shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

42. If any of the property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

DATED: September 1, 2011

A TRUE BILL.

FOREPERSON

MELINDA HAAG
United States Attorney

MIRANDA KANE
Chief, Criminal Division

(Approved as to form: _____)
KATHRYN R. HAUN
Assistant United States Attorney

INDICTMENT                                14