MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

KATHRYN R. HAUN  (DCBN 484131)
Assistant United States Attorneys

    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone:  (415) 436-7200
    Fax: (415) 436-7234
    E-Mail: kathryn.haun@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No. 11 CR 624 WHA |
|---|---|---|
|     Plaintiff, | ) | UNITED STATES' SENTENCING MEMORANDUM |
|   v. | ) | |
| RAYMOND FOAKES, | ) | Sentencing: January 17, 2012 at 2:00 pm |
|     Defendant. | ) | |

    Defendant Foakes stands before this Court to be sentenced on his convictions for conspiracy to commit bank and wire fraud, wire fraud, and money laundering, in violation of Title 18 U.S.C. Sections 1349, 1343, and 1957, respectively.  There is a plea agreement in this case, entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  Consistent with that agreement, the United States submits this sentencing memorandum and respectfully requests the Court impose a sentence of 70 total months imprisonment, to be followed by a 3 year term of supervised release with a special expanded search condition as detailed below.

    The government agrees with the Presentence Investigation Report ("PSR") and its calculation of the adjusted offense level as 20, <u>see</u> PSR at ¶48, and the criminal history category

as VI, see PSR at ¶62, resulting in a Guidelines range of 70 to 87 months imprisonment. The Plea Agreement in this case provides for a low end guidelines sentence in exchange for the government's agreement to dismiss Count Twenty-Four (conspiracy to maintain a drug-involved premise). For the reasons explained below, the government believes that a sentence of 70 months is an appropriate sentence.

In sentencing the defendant, this Court must consider all of the directives set forth in 18 U.S.C. section 3553(a). *See United States v. Booker*, 543 U.S. 220 (2005). The goals of Section 3553(a) include the need:

- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- to afford adequate deterrence to criminal conduct;
- to protect the public from further crimes of the defendant; and
- to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). Section 3553(a) directs the court to consider a number of additional factors, including:

- the nature and circumstances of the offense, § 3553(a)(1);
- the history and characteristics of the defendant, § 3553(a)(1);
- the kinds of sentences available, § 3553(a)(3);
- the sentencing guideline range, § 3553(a)(4);
- pertinent Sentencing Commission policy statements, § 3553(a)(5);
- the need to avoid unwarranted sentencing disparities, § 3553(a)(6);
- the need to provide restitution to any victims of the offense, § 3553(a)(7).

The United States believes that a sentence of 70 months, followed by 3 years of supervised release with a special search condition, appropriately addresses all such considerations.

On one hand, the defendant's history and characteristics counsel in favor of a significant sentence. There is no question that the defendant has a substantial criminal history, with convictions ranging from Violent Crime In Aid of Racketeering (PSR at ¶57), to drugs (PSR at ¶56), to weapons (PSR at ¶ 52). That history is set forth in comprehensive detail in the PSR, and the government will not rehash it here. It places the defendant in the highest possible criminal history category. Although the Probation Officer correctly notes that the defendant is close to nearing classification as a "career offender," the simple fact is that but for the government's

US v. FOAKES
UNITED STATES' SENTENCING MEMORANDUM   2

promise in the Plea Agreement to dismiss Count 24 (conspiracy to maintain a drug-involved premise), the defendant would have squarely been a "career offender" under the sentencing guidelines had he been convicted of that offense.  The time he would have been facing under such a scenario could have literally been the rest of his life.

On the other hand, however, the court should also take into account the fact that the instant crimes are non-violent and the defendant's role in them.  The instant convictions are more or less white-collar crimes.  Ironically, however, they will result in the longest period of incarceration the defendant has served.  In addition, although the defendant has no one to blame for his involvement in these offenses, the defendant was not the instigator of the conspiracy at issue in this case.  Rather, he was one of many participants in it and his principal involvement was in signing his name to documents (that others created) that he knew to be falsified.

Finally, and very importantly from the government's perspective, the defendant took full and early responsibility for his actions during the prosecution of this case.  He pleaded guilty at a very early opportunity, i.e. before the first appearance before this Court had even come, pursuant to an agreement under which he would serve an important part of his life (and the lives of his children) in federal prison.  Although it is true that the defendant received the benefit of acceptance of responsibility points for his actions in this regard, the government believes that in this case the speed with which the defendant accepted responsibility demonstrates his exceptional acceptance.  The Court may recall that the defendant was the first defendant in this multi-defendant case to plead guilty, not to merely one count, but to four counts.  The defendant's early acceptance allowed the government to efficiently allocate its resources and devote more time to prosecuting other individuals.

The government concurs with the Probation Officer that the recommended sentence is significant enough but not greater than necessary to deter the defendant from committing crimes in the future.

A 3 year term of supervised release is sought.  This term is significant and will carry the defendant well into his late 50s under a criminal justice sentence.  Because of the defendant's criminal history, and in order to assist with his rehabilitation, the government requests that

1  consistent with the plea agreement the following special search condition be imposed as part of
2  the defendant's supervised release:

3  <u>Special Condition (Searches)</u>

4  The defendant shall submit his person, property, place of residence, vehicle, and personal effects to search at any time of the day or night,
5  with or without a warrant, with or without probable cause, and with or without reasonable suspicion, by a probation officer or any
6  federal, state, or local law enforcement officer. Failure to submit to a search may be grounds for revocation. The defendant shall
7  warn any residents that the premises may be subject to search.

8  For all of the reasons discussed herein and consistent with the parties' agreement, the
9  government submits an appropriate sentence is 70 months imprisonment to be followed by a 3
10 year term of supervised release with a special search condition.

Dated: January 6, 2012                    Respectfully submitted,

                                          MELINDA HAAG
                                          United States Attorney

                                          _____/s/_____
                                          KATHRYN R. HAUN
                                          Assistant United States Attorney

US v. FOAKES
UNITED STATES' SENTENCING MEMORANDUM   4